# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONNA JONES AND**<br>**ANGELA BLANCHARD** | **CIVIL ACTION** |
| | **NUMBER 08-843-RET-DLD** |
| **VERSUS** | |
| **SHAYNE BUSH AND**<br>**CABELA'S RETAIL LA, L.L.C.** | |

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on plaintiffs' motion to remand (rec. doc. 3).  The motion is opposed (rec. doc. 4).  The issue before the court is whether plaintiffs' interrogatory responses, which indicate that plaintiffs' claim arises under federal law, support removal based on federal question jurisdiction when the complaint does not raise a federal claim.

## Facts and Procedural Background

Plaintiffs, Donna Jones and Angela Blanchard, have been employed by defendant Cabela's Retail LA, L.L.C. (Cabela's) and assigned to the Gonzales, Louisiana, retail store since November 2007 (rec. doc. 1-6).  Plaintiffs allege that while employed by defendant Cabella's, they were subjected to sexual and general harassment from their supervisor, Shayne Bush (Bush) and that they rejected Bush's advances and reported his inappropriate behavior to Cabela's management on several occasions.  Plaintiffs contend that Cabela's management failed to investigate their allegations or take disciplinary action against Bush, which resulted in prolonged injury to plaintiffs.  Bush was ultimately terminated by Cabela's

on April 8, 2008, and, as a result, plaintiffs allegedly have been subjected to numerous retaliatory comments from co-employees labeling plaintiffs as "troublemakers."

On September 11, 2008, plaintiffs brought suit against Bush and Cabela's in the 23rd Judicial District Court, Parish of Ascension, State of Louisiana, for injuries sustained as a result of Bush's intentional infliction of emotional distress and Bush and Cabela's actions and/or inactions which violated their "rights as expressed in both federal and state law concerning discrimination" (rec. doc. 1-6).  Plaintiffs seek compensatory damages, actual damages,  attorneys' fees, and court costs. Id.

Defendants filed answers in state court and propounded interrogatories on the plaintiffs.  Plaintiffs' December 5, 2008, interrogatory responses indicate that their claims give rise to liability under both Louisiana's Anti-Discrimination Statue, La. R.S. 23:1006, and Title VII of the Civil Rights Act, 42 U.S.C. §2000e, et seq.[1] (rec. doc. 1).  Based on plaintiffs' interrogatory responses, Cabela's removed the state court action to this court on December 31, 2008, alleging federal question jurisdiction, 28 U.S.C. §1441(b).[2]  Defendant's notice of removal states that the original petition does not specifically seek relief under Title VII

---

[1]**QUESTION**

Identify each federal or state law or regulation that plaintiff is relying on to support her claims in the captioned lawsuit.

**ANSWER TO INTERROGATORY NO. 20**

Objection, calls for a legal conclusion.  Subject to the objection, plaintiff relies on the Louisiana Anti-Discrimination Statute LSA-R.S. 23:1006 and the jurisprudence interpreting and applying that statute as well as Title VII of the Civil Rights Act of 1964, USC §2000e, et seq. and the jurisprudence interpreting and applying that statute.  As discovery is ongoing, plaintiff reserves all rights to rely on any other federal or state law to support the claims made in her petition.

(rec. docs. 1, 1-3, 1-4).

[2] Defendant Bush consented to the removal.

of the Civil Rights Act, but instead makes only one vague reference to an unspecified federal law; therefore, the petition did not give rise to removal jurisdiction under 28 U.S.C. §1441.  Rather, defendant first ascertained that this matter "is one which is or has become removable" under 28 U.S.C. 1446(b), when it received plaintiffs' interrogatory responses identifying a federal claim.  Defendant further alleges in the notice of removal that this court has supplemental jurisdiction over plaintiffs' state law claims, 28 U.S.C. §1367. (rec. doc. 1).

On January 27, 2009, plaintiffs filed a motion to remand and request for attorneys' fees, which is before the court for a report and recommendation (rec. doc. 3).  Defendants oppose the motion to remand.

**Argument of the Parties**

Plaintiffs agree that the reference to federal law in the petition does not create a federal claim, but they further argue that if it does, the removal was untimely.  Plaintiffs assert that the existence of federal question jurisdiction is determined by the well-pleaded petition and cannot be created by a reference to federal law in responses to discovery. Unlike the amount in controversy, which is a prerequisite to diversity jurisdiction and which can be clarified in responses to discovery, plaintiffs contend that responses to discovery referencing a federal claim are insufficient to establish federal question jurisdiction. Because this court does not have subject matter jurisdiction based on the well-pleaded petition, plaintiffs request that this matter be remanded.

Defendant responds by arguing that this matter was not originally removable, but became removable based on plaintiffs' interrogatory responses which indicate that plaintiffs sought relief under Title VII of the Civil Rights Act, 42 U.S.C. §2000e, et seq, thereby raising a federal question.  Defendant further argues that plaintiffs should not be allowed

to recover attorneys' fees in connection with the motion to remand because they failed to support why attorneys' fees are warranted.

**Law and Discussion**

Federal district courts have jurisdiction over cases "arising under the Constitution, law, or treaties of the United States." 28 U.S.C. §1331. Federal courts are courts of limited jurisdiction; therefore, it is presumed that a suit removed to federal court lies outside this limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party seeking removal bears the burden of demonstrating that a federal question exists. *Gutierrez v. Flores*, 543 F.3d 248 (5th Cir. 2008). A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot-Hed, Inc.*, 477 F.3d 320 (5th Cir. 2007), citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Plaintiff is the master of his complaint; therefore, where both federal and state remedies are available on a given set of facts, there will be no basis for removal on federal question jurisdiction if plaintiff elects in the state court petition to proceed exclusively under state law. *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995). Further, a reference in a petition regarding a violation of unspecified federal laws does not establish a federal claim. Id. If an action is not originally removable, a party may file a notice of removal after it ascertains that the matter is or has become removable based on an amended pleading or other paper. 28 U.S.C. §1446(b). The Fifth Circuit has held that a discovery response may constitute "other paper" sufficient to trigger the removal period under Section 1446(b). *Chapman v. Powermatic, Inc.*, 969 F.2d 1160 (5th Cir. 1992).

Both sides agree that plaintiffs' petition contains only a vague reference to unspecified federal laws; therefore, this matter is not subject to removal based on the well-

pleaded complaint.  Rather, defendant alleges that plaintiffs' interrogatory responses indicating that they were relying on state law and Title VII of the Civil Rights Act to support their claims constitute "other paper" sufficient to trigger removal pursuant to 28 U.S.C. §1446(b).  Although an interrogatory response may be sufficient to trigger the removal period in Section 1446(b), the question remains whether an interrogatory response indicating that plaintiffs were relying on Title VII of the Civil Rights Act to support their claims was sufficient, on its own, to establish federal question jurisdiction.

Judge Polozola of this court  recently analyzed whether a reference to a federal law in an interrogatory response is sufficient to create federal question jurisdiction in a case involving the same defendants as in this case.  See *Sistrunk v. Bush, et al.,  and Cabela's Retail LA,* 08-844-FJP-CN, April 2009.  The court, relying on *City of Dallas v. Explorer Pipeline Co., Inc.*, 2003 WL 193444 (N.D. Tex. 2003), emphasized the importance of the "well-pleaded complaint rule" and held that because the plaintiff did not make reference to any specific federal law under which she sought recovery in her complaint, the reference to federal laws in an interrogatory response, on its own, was insufficient to create federal question jurisdiction. Thus, the court in *Sistrunk v. Bush*, 08-844-FJP-CN, granted plaintiff's motion to remand.   This court agrees with the decision in *Sistrunk v. Bush*, 08-844-FJP-CN.

Although not mentioned in *Sistrunk v. Bush, et al.*, supra, the court finds instructive the case *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613 (N. D. Tex. 2007).  Third-party defendants removed this matter based on interrogatory responses referencing claims under specific federal law, not the well-pleaded complaint.  The court relied on the content of the third-party petition –  *i.e.*, the well-pleaded complaint as opposed the interrogatory responses – to determine that the case was not removable. Id. at 620.  The court in

*Trugreen*, supra, suggests that there is a difference in the use of discovery responses as "other paper" in establishing diversity or federal question jurisdiction. This court agrees.

Whether or not diversity jurisdiction exists is based on the *actual* facts of the case – either the parties are diverse or they are not, and either the amount in controversy is greater than $75,000 or it is not. The plaintiff cannot choose whether or not the facts equate to diversity jurisdiction. The plaintiff can, however, legitimately choose to leave out of the petition those facts that would establish diversity jurisdiction. Thus, where it is not apparent from the face of the petition that the case is removable, defendants often serve interrogatories whose responses can actually clarify whether the injuries sustained would satisfy the amount in controversy or whether a party is a citizen of a particular state. The "facts" supporting diversity also can be established, for example, when a non-diverse party is dismissed, leaving only diverse parties. Again, it is the *fact* of the existence of diversity jurisdiction that is key, not the plaintiff's choice of whether or not to plead diversity jurisdiction factual predicates.

Federal question jurisdiction, on the other hand, is not always dependent on the facts, unless the issue is one where federal law has completely preempted a field, which is not the case here. [3] Where the facts pled (or those that exist) could support claims under either state or federal law, plaintiff is under no obligation to plead a federal cause of action and to seek recovery under federal law. In many cases, such as the one before the court, plaintiff can choose to proceed under either state or federal law or both state and federal law. Thus, the court focuses on the "well-pleaded complaint," not subsequent

---

[3] For example, a plaintiff might contend that he is proceeding solely under state law, but the facts underlying the claim may be in an area which has been completely preempted by federal law, as in ERISA claims. In that situation, the case is removable regardless of what the plaintiff actually plead in terms of the applicable law. Sufficient facts to support removal where federal law has preempted an area might be present in the petition or might be learned later through "other paper." In this preemption situation, as in diversity, the plaintiff is not the sole master of his complaint.

interrogatories, to determine whether a federal cause of action is actually being pursued by the plaintiffs.  The issue is not whether the facts would support a federal claim but whether plaintiff is pursuing a federal claim in his "well-pleaded complaint."

In the instant case, the plaintiffs are the masters of their complaint and can choose to pursue either state or federal claims or both, as both state and federal law provide relief for sexual harassment; however, plaintiffs' petition indicates that they intended to pursue only state law remedies, and they have not amended the petition to state otherwise.  As previously mentioned, the petition contains only a vague reference to "federal laws," according to defendants, which is not sufficient to state a federal claim.   Furthermore, the court notes that defendants failed to cite to a single case supporting their position that plaintiffs' reference to a federal law in their interrogatory responses is sufficient to create federal question jurisdiction(rec. doc. 4), or that an interrogatory response is sufficient to set forth a viable federal claim under state law (as opposed, for example, to amending the petition).   In addition, to the extent the vague reference in the petition coupled with the facts pled can be considered to be sufficient for satisfying the "well-pleaded complaint" rule, defendants' removal is untimely.  As the court stated earlier,  defendants have the burden of proving that federal question jurisdiction exits, which they have failed to do.  *In re Hot-Hed*, 477 F.3d 320, 323 (5th Cir. 2007).   Thus, the court recommends that the motion to remand should be granted.

Plaintiffs request the payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal as allowed by 28 U.S.C. §1447(c). Section 1447(c) provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The award is within the discretion of the district court and is to be guided by the

standard that, "[a]bsent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonably basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 711.  Defendants removed this matter prior to the decision in *Sistrunk v. Bush*, supra, which addresses the same issue and would have given defendants direct guidance on the validity of their removal.  Moreover, plaintiffs do not advance a single argument to support their request for attorneys' fees.  Thus, the court recommends that plaintiffs' request for attorneys' fees and costs should be denied. Accordingly,

**IT IS RECOMMENDED** that plaintiffs' motion to remand (rec. doc. 3) be **GRANTED** and this matter be remanded to the 23rd Judicial District Court, Parish of Ascension, State of Louisiana.

**IT IS FURTHER RECOMMENDED** that plaintiffs' request for attorneys' fees be **DENIED**.

Signed in Baton Rouge, Louisiana, on May 15, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DONNA JONES, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                 **NUMBER 08-843-RET-DLD**

**SHAYNE BUSH, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 15, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**